FILED _____ ENTERED
LODGED _____ RECEIVED

MAR 28 2000

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CREO PRODUCTS, INC., a Canadian corporation, | |
| Plaintiff, | NO. C98-1801R |
| v. | ORDER REGARDING DISCOVERY MOTIONS |
| DAINIPPON SCREEN MFG. CO., LTD., a Japanese corporation, | |
| Defendant. | |
| DAINIPPON SCREEN MFG. CO., LTD., a Japanese corporation, | |
| Counterclaimant, | |
| v. | |
| CREO PRODUCTS, INC., a Canadian corporation, | |
| Counterdefendant. | |

THIS MATTER comes before the court upon three discovery-

ORDER
Page - 1 -

AO 72
(Rev 8/82)

related motions: (1) plaintiff's motion to reconsider an order striking and excluding expert witness testimony; (2) plaintiff's motion to reconsider and/or clarify an order dated March 13, 2000; (3) plaintiff's motion to extend time to take depositions of overseas witnesses after the discovery cutoff.  Having reviewed the papers filed by the parties regarding these motions, the court rules as follows:

1.   Motion to Reconsider Order Striking and Excluding Expert Testimony

Plaintiff contends that the court should reconsider its order striking and excluding the expert testimony of Mr. Yerkerwich because the court based its order on a misrepresentation by the defendant.  Motions for reconsideration will be denied absent a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence.  Local Rule W.D. Wash. 7(e)(1).  Plaintiff has failed to make such a showing.

Plaintiff contends that a significant reason that it could not make a proper disclosure of Mr. Yerkerwich's opinion was that defendant had failed to produce records regarding sales outside of the United States.  This assertion is unconvincing.  Defendant objected to producing such documents in June of 1999, as it had the right to do.  Not until February 4, 2000 did plaintiff indicate that it disagreed with defendant's assessment.  On February

ORDER
Page - 2 -

14, 2000, with full knowledge that defendant objected to producing these documents, plaintiff filed an opposition to defendant's motion to strike expert testimony in which plaintiff did not name the absence of these non-U.S. sales records as a specific reason for its untimely and inadequate disclosure regarding Mr. Yerkerwich.  Plaintiff indicated that it was still reviewing the documents produced, that certain documents appeared to be unresponsive to requests, and that the precise reason for the untimely disclosure of its expert was that "Mr. Yurkerwich's retention and involvement had not been confirmed prior to that time because of counsel's work load and Mr. Yurkwich's schedule."  (Pl.'s Resp. Mot. to Strike, at 2.)

The court can only conclude from the record that plaintiff either never reviewed defendant's objections, or did not recognize the importance of non-domestic sales records until seven months after defendant objected, or did not consider the absence of such records to be a barrier to an adequate expert disclosure until after the court excluded the expert.  If such sales records were essential to the expert's opinion, plaintiff should have brought a motion to compel early enough to have still provided the expert disclosure in a timely and complete manner.

The facts are uncontroverted.  Plaintiff had months to review the produced discovery materials and long ago had a clear indication from defendant of what had not been produced due to objec-

ORDER
Page - 3 -

tions.  Plaintiff disclosed its expert late and, even then, failed to comply with Local Rule W.D. Wash. CR24(a)(2)(B) regarding the substance of the expert disclosure.  The court will not reconsider its order to strike and exclude expert testimony.  Plaintiff's motion is, therefore, denied.

2.  Motion for Reconsideration and/or Clarification of an Order Dated March 13, 2000

On March 13, 2000, this court granted defendant's motion to compel discovery.  Plaintiff now seeks reconsideration, relief, or clarification of that order.  It states that full compliance with this order would require copying and producing in excess of 1,200,000 pages of documents in response to one of the production requests alone.  It thus contends that it is impossible to produce hard copies of all documents in the time specified in the order. Furthermore, plaintiff requests clarification of who should bear the costs of such production.

The court hereby clarifies that although the court found that the burden of responding to the discovery was upon the plaintiff, the costs of copying and delivering such documents was to be borne in the traditional manner, i.e., by the requesting party.  Furthermore, it is defendant's obligation to provide personnel to make copies of the responsive material.  The court suggests that personal inspection by the defendant might lessen the amount of copying that would be necessary.  Aside from providing this clari-

ORDER
Page - 4 -

AO 72
(Rev 8/82)

fication, the court will not reconsider its order.

The court notes that the parties are expected to deal with one another cooperatively to resolve any outstanding discovery disputes.  If it is physically impossible for plaintiff to produce documents, the court expects the parties to meet, confer, and arrive at mutually agreeable accommodations, especially regarding issues related to the time, place, and manner of inspection that may save both parties time, expense, and labor.

3.   Motion to Extend Time to Take Depositions of Overseas Wit-
     nesses

Plaintiff seeks to extend the discovery deadline so that it may take the depositions of Mr. Shimada and Mr. Ozaki in Japan. Defendant opposes this extension, contending that plaintiff's lack of diligence is the only reason that such depositions did not take place prior to the discovery deadline.  Plaintiff failed to file a reply to defendant's opposition brief on this issue.

The discovery deadline was March 13, 2000.  Since June 1999, when defendants responded to interrogatories, plaintiff has known that testimony by Messrs. Shimada and Ozaki might be relevant. Nevertheless, it was not until February 25, 2000, that plaintiff served deposition notices for their testimony.  Plaintiff was, thereafter, unable to arrange for their deposition testimony to take place prior to March 13, 2000, due to the requirement that depositions taken in Japan for U.S. litigation purposes occur at

ORDER
Page - 5 -

the United States Consulate or Embassy.  Plaintiff then brought this motion on March 8, 2000.

Plaintiff has shown no good cause why its motion should be granted.  Exercising reasonable diligence, plaintiff could have taken deposition testimony from Messrs. Shimada and Ozaki long before the discovery cutoff.  Plaintiff's motion is, therefore, denied.

4.   Conclusion

Plaintiff's motion to reconsider an order striking and ex-cluding expert witness testimony [docket 143-1] is DENIED; plain-tiff's motion to reconsider and/or clarify an order dated March 13, 2000 [docket 158-1], is DENIED, except to the extent discussed above; plaintiff's motion to extend time to take depositions of overseas witnesses after the discovery cutoff [docket 137-1] is DENIED.

DATED at Seattle, Washington this 27th day of March, 2000.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 6 -

AO 72
(Rev.8/82)